JAMES MORGAN, Appellant, *v.* GREATER NEW YORK TAXPAYERS MUTUAL INSURANCE ASSOCIATION, Respondent.

Argued January 14, 1953; decided April 16, 1953.

*Alexander Chananau, Harold G. Aron* and *William Merritt* for appellant. I. The damages sustained by plaintiff are within the coverage of the policies issued by defendant. Where several interests are insured under a policy, the doing of a prohibited act by one assured does not defeat a cause of action to enforce an obligation of the insurer to another assured to pay all sums which the latter assured shall become liable to pay. (*Schroeder* v. *Columbia Cas. Co.*, 126 Misc. 205; *Dean* v. *Marschall*, 90 Hun 335; *Weiss* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 131 Misc. 836; *Stromblad* v. *Hanover Fire Ins.*

*Co.*, 121 Misc. 322; *Bobrow* v. *United States Cas. Co.*, 231 App. Div. 91; *Wenig* v. *Glens Falls Ind. Co.*, 294 N. Y. 195; *Donley* v. *Glens Falls Ins. Co.*, 184 N. Y. 107; *Maryland Cas. Co.* v. *Lopopolo*, 97 F. 2d 554; *Hoyt* v. *New Hampshire Fire Ins. Co.*, 29 A. 2d 121; *Fireman's Ins. Co.* v. *Larey*, 125 Ark. 93; *Pratt* v. *Hanover Fire Ins. Co.*, 50 R. I. 203; *Smolensky* v. *Massachusetts Bonding & Ins. Co.*, 120 Misc. 346.) II. An assault upon plaintiff is an accident covered under the policies even in the absence of the " assault and battery " clause. (*Green Bus Lines* v. *Ocean Accident & Guar. Corp.*, 287 N. Y. 309; *Floralbell Amusement Corp.* v. *Standard Sur. & Cas. Co.*, 170 Misc. 1003, 256 App. Div. 221.) III. The definitions clause in the policies issued by defendant is designed to broaden, and not to restrict or limit, coverage. (*U. S. F. & G. Co.* v. *Brann*, 297 Ky. 381; *Clinton* v. *Hope Ins. Co.*, 45 N. Y. 454; *Zivitz* v. *Maryland Cas. Co.*, 192 App. Div. 83.) IV. Any doubts as to the meaning of the clauses in the policies must be resolved against defendant who prepared the policies. (*Conn* v. *Hengerer Co.*, 152 Misc. 201; *People ex rel. Leonard* v. *Hamilton*, 27 Misc. 308; *Matter of Mortgage Corp. of N. Y.* v. *Menan Realty Corp.*, 258 App. Div. 429; *United States* v. *Hudson*, 65 F. 68; *Hartol Products Corp.* v. *Prudential Ins. Co.*, 290 N. Y. 44; *Mansbacher* v. *Prudential Ins. Co.*, 273 N. Y. 140; *Burr* v. *Commercial Travelers Mut. Accident Assn.*, 295 N. Y. 294; *Tonkin* v. *California Ins. Co.*, 294 N. Y. 326; *Lewis* v. *Ocean Accident & Guar. Corp.*, 224 N. Y. 18.)

*Alexander E. Rosenthal* and *Irving Segal* for respondent. Defendant's policy did not provide coverage for the cause of action upon which plaintiff recovered his judgment against defendant's assured. (*Lavine* v. *Indemnity Ins. Co.*, 260 N. Y. 399; *Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271; *Weatherwax* v. *Royal Ind. Co.*, 250 N. Y. 281; *Brustein* v. *New Amsterdam Cas. Co.*, 255 N. Y. 137; *Devitt* v. *Continental Cas. Co.*, 269 N. Y. 474; *Hartigan* v. *Casualty Co. of America*, 227 N. Y. 175; *Floralbell Amusement Corp.* v. *Standard Sur. & Cas. Co.*, 256 App. Div. 221; *De Luca* v. *Coal Merchants Mut. Ins. Co.*, 203 Misc. 261; *McLoughlin* v. *New York Edison Co.*, 252 N. Y. 202; *Soper* v. *Fidelity & Cas. Co. of N. Y.*, 198 Misc. 1117.)

CONWAY, J. Plaintiff holds an unsatisfied judgment against Murray Cronin and Morris Leventhal, as copartners, for damages for personal injuries and has brought this action, under paragraph (b) of subdivision 1 of section 167 of the Insurance Law, to recover the amount of that judgment from defendant, Cronin's insurer.

The facts, which are not in dispute, are as follows: Cronin and Leventhal owned and operated the Concourse Residence Club. Plaintiff was their tenant and, while on the named premises, sustained personal injuries during an assault upon his person by Leventhal. Cronin was in Florida at that time and it is not contended that the assault was committed at his direction. Plaintiff instituted an action to recover damages against Cronin and Leventhal " individually and as co-partners doing business under the name and style of Concourse Residence Club ". Defendant who had issued a public liability policy to Cronin and Leventhal, as individuals, was given notice of the action but refused to defend in their behalf.

The action was dismissed as to Cronin in his individual capacity but a judgment, which remains unsatisfied, was obtained against him and Leventhal as copartners, the jury having found that the assault was committed by Leventhal " in the ordinary course of the business of the partnership " (Partnership Law, § 24). Cronin is of course individually liable to plaintiff for the full amount of that tort judgment (Partnership Law, §§ 24, 26). A judgment with which we are not here concerned was also had against Leventhal, individually, for punitive damages.

Plaintiff in the present action " stands in the shoes " of the assured Cronin, not of Leventhal, and seeks to avail himself of Cronin's alleged right of indemnity against the defendant insurer. (*Devitt* v. *Continental Cas. Co.*, 269 N. Y. 474, 479.)

The policy involved here is an " Owners, Landlords and Tenants Public Liability Policy ". The insuring agreements provide, " subject to * * * exclusions, conditions and other terms of this policy ", that defendant shall " pay on behalf of the Assured *all sums which the Assured shall become obligated to pay by reason of the liability imposed upon him by law* for damages * * * because of bodily injury * * *

sustained by any person   *   *   *   caused by accident, arising out of the care, maintenance or operation of the premises herein insured." It is further provided that "*Assault and battery shall be deemed an accident unless committed by or at the direction of the Assured.*" (Emphasis supplied.) The policy then recites that: "The foregoing agreements are subject to the following conditions:   *   *   *

" DEFINITIONS

" 2. (a) The word ' Assured ' used in this Policy shall mean the individual, partnership, corporation, trustee or estate named in Declaration 3, and includes not only such named Assureds but also any partner, executive officer or director thereof while acting within the scope of his duties as such ".

The Declarations, insofar as pertinent here, are as follows, the emphasized words having been typed upon the printed form policy:

" 1. Name of Assured *MURRAY CRONIN AND MORRIS LEVENTHAL* * * *

" 3. The Assured*S ARE INDIVIDUALS*

(Individual, Partnership, Corporation, Trustee or Estate)."

Defendant argues that the policy excluded from coverage assaults " committed by or at the direction of the Assured " and that the assault by Leventhal is within the exclusion, i.e., an assault committed by the assured. The policy states, and defendant concedes that Cronin and Leventhal were insured as *individuals*. Thus, defendant's position that the assault was committed by the " Assured " does not rest upon the fact that Leventhal, who committed the assault, was named as an assured in the " Declarations " as quoted. Reliance is placed upon the quoted " DEFINITIONS " section, which provides that the term " Assured " includes, in addition to the named assured, *a partner of the named assured*. The situation then is the same as if separate policies had been issued to Cronin and Leventhal and we were concerned here only with the policy issued to Cronin. Thus, Leventhal, as partner of the named assured, Cronin, is an additional assured, as far as Cronin is concerned, by virtue of the " DEFINITIONS " section, and the question for decision is whether the provision excluding from coverage assaults com-

mitted by the assured denies to the named assured coverage for liability imposed upon him by reason of an assault committed by a defined additional assured.

Clearly the reason for the exclusion from coverage of an assault committed by or at the direction of the assured is that it would not be in accord with public policy to indemnify a person for losses incurred as a consequence of his criminal acts. That, we think, and nothing more is the intent of that exclusory provision. The denial of coverage to an assured for liability imposed upon him for an assault in which he himself took no part finds no justification in the policy which lies behind the exclusory provision. To indemnify him does not save him from the consequences of his criminal act for he committed none.

" Our guide must be the reasonable expectation and purpose of the ordinary business man when making an insurance contract * * * " (*Burr* v. *Commercial Travelers Mut. Accident Assn.*, 295 N. Y. 294, 301). " The language employed in the contract of insurance must be given its ordinary meaning, such as the average policyholder of ordinary intelligence, as well as the insurer, would attach to it." (*Abrams* v. *Great Amer. Ins. Co.*, 269 N. Y. 90, 92.) We believe that the meaning which we attribute to the exclusory provision is the only proper one. If defendant intended the exclusory provision to mean more than that, i.e., to mean that there is no obligation to indemnify an assured for liability resulting from an assault committed by another assured, it should have made that intention known.

Defendant urges, however, that that intention is manifested in the policy's definition of the term " Assured ". The term as there defined includes partners of the named assured. Hence, defendant concludes, the assault by Leventhal was an " Assault * * * committed by * * * the Assured " and not within the coverage of the policy. But that argument, based upon the " Definitions " section, cannot withstand analysis. Defendant, we think, seeks to turn to its own advantage a provision of the policy intended to benefit, not to prejudice, the named assured. The " Definitions " section, by assigning a broad meaning to the term " Assured ", extends coverage to various persons in addition to the named assured. That section which might be termed an " additional assured " provision serves as an induce-

ment to purchase insurance to one contemplating taking out a liability policy, by affording coverage, without added premium, to others in addition to the applicant. To hold that such a provision, purporting as it does to broaden coverage by extending it to additional assureds, works a reduction in the coverage which would be afforded to the named assured in the absence of such provision is not in harmony with the true, beneficial purpose of the provision. In *Wenig* v. *Glens Falls Ind. Co.* (294 N. Y. 195) we discussed a somewhat similar provision and said (LEHMAN, Ch. J., p. 201): " *The liability of the insurance company upon its promise to insure the ' named assured ' is neither extended nor limited by the fact that under the terms of the policy it assumed an obligation also to insure the ' additional assured ' against liability for damages for which he might become liable.*" (Emphasis supplied.)

The proper view of the policy under consideration is that by it the defendant has undertaken *separate and distinct* obligations to the various assureds, named and additional, and where liability is imposed upon one of the assureds for an assault by another assured in which he took no part, the result should be no different from that which would obtain where the assault was committed by a person who is not an assured — e.g., an employee. Thus, while Leventhal could have no right to indemnity for the consequences of his act, the liability of Cronin for the act of Leventhal falls within the coverage of the policy. In short, since defendant has undertaken separate obligations to each of the assureds, an assault committed by an assured relieves the defendant insurer of its obligation to that particular assured but not of its obligations to the other assureds. (See *Wenig* v. *Glens Falls Ind. Co.,* 294 N. Y. 195, 201–202, *supra.*)

The authority upon which defendant and Special Term relied is *De Luca* v. *Coal Merchants Mut. Ins. Co.* (203 Misc. 261). There the liability policy excluded from coverage assaults committed by or at the direction of the *corporation* insured. The assault was committed at the direction of the manager and president through whom, as agent, the corporation acted. Thus his acts were its acts. The situations there and here are not alike.

The judgment and order of the Appellate Division should be reversed and plaintiff's cross motion for summary judgment granted, with costs in all courts. The question certified is answered in the negative.

DYE, J. (dissenting). I dissent and vote to answer the certified question in the affirmative on the ground that the plain words of the policy excluded coverage for loss occasioned by assault and battery committed by " any partner * * * while acting within the scope of his duties as such ". The verdict of the jury established that the assault was committed by Cronin's copartner Leventhal while acting within the scope of his duties as a copartner and in furtherance of partnership business; the judgment entered thereon was against Cronin and Leventhal as copartners, the complaint as against Cronin individually having been dismissed by the trial court. Under such circumstances, Cronin was not covered.

LOUGHRAN, Ch. J., LEWIS, DESMOND, FULD and FROESSEL, JJ., concur with CONWAY, J.; DYE, J., dissents in a memorandum.

Judgment accordingly.