JOSEPH GREAVES, Appellant, v. PUBLIC SERVICE MUTUAL INSURANCE CO. et al., Respondents.

First Department, November 26, 1957.

*John Nielsen* of counsel (*George S. Pickwick,* attorney), for appellant.

*Sidney Advocate* of counsel (*E. Edan Spencer,* attorney), for Public Service Mutual Insurance Co., respondent.

RABIN, J. On February 15, 1955, plaintiff Greaves was employed by defendant Bigelow-Sanford Carpet Co. at its warehouse. On that date, while Greaves was loading carpet on a truck owned by L. Davis Trucking Company, one Watson, employed by Davis, was injured when a carton or bale of carpet being handled by Greaves slipped and injured Watson.

Davis maintained an automobile liability policy issued by defendant Public Service Mutual Insurance Co. and after Watson had sued Greaves and his employer Bigelow, Greaves called upon Public to defend him on the ground that he was protected by Davis' policy since the injury to Watson occurred while he, Greaves, was in the process of loading Davis' truck. The policy issued to Davis covered any person using the truck with the named insured's permission, such use including the "loading and unloading thereof." It is accordingly undisputed that Greaves was an additional insured.

Public, disclaiming any obligation to defend Greaves under the policy issued to Davis, defends this action for a declaratory judgment on two grounds. First, that it may not be held liable because of an exclusion clause in the policy and second, that notice by Greaves was not timely. The policy contained the following clause which Public contends relieves it of any obligation to cover plaintiff Greaves:

" EXCLUSIONS

" This policy does not apply:  *  *  *

" (d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law; or to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law ".

Watson, although an employee of the named insured, was not an employee of the additional insured Greaves. The exclusion clause refers to any employee of the "insured" and we are required to determine whether, as urged by Public, there was an intention to exclude coverage when the injured party was an employee of *any* insured. In other words, is the language " any employee of the insured " to be interpreted as meaning an employee of any of the insureds? To pose the question in another way: Are we to treat the word "insured " as an all-inclusive unit or are we to consider the insureds — whether named or additional — separately?

It is true that the policy, in one clause, broadly defines the word "insured " as including the named insured and any additional insured. We do not think this, standing alone, is determinative of the issue here involved. In attempting to ascertain the actual intent of the parties, the definition must be read in the light of, and as qualified by the language employed in the

exclusion clause. If there is resultant ambiguity, it should be resolved against the company inasmuch as it wrote the policy (*Broadway Realty Co.* v. *Lawyers Tit. Ins. & Trust Co.*, 226 N. Y. 335, 337; *Killian* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 44, 47; *Howell* v. *John Hancock Mut. Life Ins. Co.*, 286 N. Y. 179, 185).

As we read the exclusion clause, the basic and underlying purpose apparently was to exclude coverage only as to an insured who either carried, or was required to carry, workmen's compensation insurance for the protection of an injured employee. The very language of the clause indicates that, for it excludes coverage only in the case of an employee " engaged in the employment, * * * of the insured * * * if benefits therefor are either payable or required to be provided under any workmen's compensation law; or to any obligations for which the insured or any company as his insurer may be held liable under any workmen's compensation law ".

To hold that the exclusion clause was intended to deny coverage to an additional insured who did not and could not carry workmen's compensation insurance to protect himself against an accident such as occurred here, would seem to be contrary to what actually was intended. Greaves was entitled in his own right to coverage as an additional insured. We do not think it was intended that in the event of an injury to another he was to have no protection merely because the injured party was employed by another insured who carried workmen's compensation insurance or was required to do so.

Moreover, it would seem that construing the clause as excluding coverage to an additional insured even though the injured party was not his employee, but only an employee of the named insured, would be contra to the holding in *Morgan* v. *Greater N. Y. Taxpayers Mut. Ins. Assn.* (305 N. Y. 243). There, as here, all the insureds were included in the definition of the word " Assured ". Despite that fact, it was held that the individual insureds must be considered as being *separately* covered by the policy. The Court of Appeals there said (p. 249) : " The proper view of the policy under consideration is that by it the defendant has undertaken *separate and distinct* obligations to the various assureds, named and additional ".

We think the doctrine of separability stated in that case is applicable here where the injured person is an employee of the named insured but not an employee of the additional insured. In principle there is no essential difference between this and the *Morgan* case. Defendant, as did the court below in its

opinion, relies upon *Standard Sur. & Cas. Co.* v. *Maryland Cas. Co.* (281 App. Div. 446). In that case an exclusion clause similar to the one before us was held to apply to an additional insured. The *Standard* case (4th Dept.) was decided on March 4, 1953. Leave to appeal to the Court of Appeals was granted (281 App. Div. 1069) but the appeal was not prosecuted. The *Morgan* case was decided by the Court of Appeals on April 16, 1953, subsequent to the Appellate Division decision in the *Standard* case. We are of the opinion that the *Morgan* case is controlling and is applicable to this case.

It is urged that to hold that the additional insured is covered by Davis' policy would give greater protection to the additional insured than to the named insured. That same contention was rejected by the Court of Appeals in the *Morgan* case where it stated (p. 249): " To hold that such a provision, purporting as it does to broaden coverage by extending it to additional assureds, works a reduction in the coverage which would be afforded to the named assured in the absence of such provision is not in harmony with the true, beneficial purpose of the provision. In *Wenig* v. *Glens Falls Ind. Co.* (294 N. Y. 195) we discussed a somewhat similar provision and said (Lehman, Ch. J., p. 201): ' *The liability of the insurance company upon its promise to insure the " named assured " is neither extended nor limited by the fact that under the terms of the policy it assumed an obligation also to insure the " additional assured " against liability for damages for which he might become liable.* ' (Italics supplied.) "

It seems clear, therefore, that the obligation of defendant Public to the named insured on the one hand and to the additional insured on the other hand, must be considered separately. Viewed in that light, and entirely apart from our construction of the parties' intent, we reach the conclusion that the policy covered Greaves even though the injury caused by him was done to an employee of the named insured.

The lower court in view of its dismissal of the complaint on the ground that defendant Greaves was not covered by the policy did not reach or pass upon the other objection raised by defendant Public, namely, that the written notice served by Greaves upon it was not timely in accordance with the provisions of the policy. Although the accident occurred on February 15, 1955, the first notice that defendant Public received from Greaves was by letter dated August 11, 1955, in which he enclosed the summons and complaint which had been served upon him in July. Ordinarily such a delay would constitute a

failure of compliance with the requirement of the policy that notice be given " as soon as practicable " (*Deso* v. *London & Lancashire Ind. Co. of America*, 3 N Y 2d 127).

While the trial court did not decide the question and respondent insurance company has not discussed it in its brief, nevertheless we think that question should be determined here. The case was tried without a jury and there is sufficient evidence in the record to permit such a determination.

The evidence clearly indicates that appellant had every reason to believe that he was being protected by his own employer's insurance company, Liberty Mutual. When in July he received a summons and complaint in the action against him by Watson, Greaves immediately turned them over to his employer, Bigelow. However, Bigelow's carrier refused to defend him. Up to that time he had no knowledge of his coverage under the Davis policy. Within a day or two after he learned or was advised of the coverage, he gave prompt notice to Public. The question then is whether such notice met the requirement of the policy that notice be given as soon as practicable. We think it did. Although in *Deso* v. *London & Lancashire Ind. Co. of America* (*supra*) the court held that on the facts of that case the notice was not timely as a matter of law, it distinguished a situation such as that before us in referring to the case of *Gluck* v. *London & Lancashire Ind. Co. of America* (2 A D 2d 751, affd. 2 N Y 2d 953). The Court of Appeals said (pp. 130–131): "*Gluck* v. *London & Lancashire Ind. Co. of America* (*supra*) urged in support of the judgment below is equally inapposite. There, the insured had testified that the reason for the delay was his unawareness that the contract of insurance covered the accident. There, as in the *Melcher* case (*supra*), once the insured was alerted to the contract coverage he gave prompt notice."

It is clear that in the present case the insured gave notice as soon as he " was alerted to the contract coverage." We hold on the facts and on the law that the notice given in this case was timely and complied with the requirement of the policy.

The judgment appealed from should be reversed and declaratory judgment granted in favor of plaintiff Greaves, with costs and disbursements. Settle order.

BREITEL, J. P. FRANK, VALENTE and McNALLY, JJ., concur.

Judgment appealed from reversed and declaratory judgment granted in favor of plaintiff Greaves, with costs and disbursements.