49 N.J. Super. 341 (1958)
139 A.2d 800
GEORGE D. MALANGA, ALFRED L. MALANGA AND LOUIS J. MALANGA, T/A MAL-BROS. CONTRACTING CO., PLAINTIFFS,
v.
MANUFACTURERS CASUALTY INSURANCE COMPANY, A FOREIGN CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 7, 1958.
*342 Messrs. Parnell & Krueger, attorneys for plaintiffs (Mr. William Krueger, appearing).
Messrs. McKeown, Harth & Enright, attorneys for defendant (Mr. Vincent D. Enright, Jr., appearing).
PINDAR, J.S.C.
This matter is opened on cross-motions for summary judgment. For either party to prevail the respective application must palpably show the existence of no genuine issue as to any material fact and that such party is entitled to judgment as a matter of law. Both parties presume to support this right on briefs, supplemented by oral argument.
The question to be determined sub judice is, whether or not, under the insurance policy here involved, plaintiffs are entitled to reimbursement of monies paid for the satisfaction of a judgment recovered against plaintiffs, together with accumulated expenses, interest and costs. The following *343 resume, of which there is no substantial dispute, is essential to fully understand the contra applications.
Plaintiffs herein, George D. Malanga, Alfred L. Malanga and Louis J. Malanga, t/a Mal-Bros. Contracting Company (admittedly a partnership), had issued to it by defendant herein a comprehensive contract of insurance by which the insurer, among other things, agreed: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, * * * sustained by any person and caused by accident." And also, "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident." In addition, the said policy provided that: "assault and battery shall be deemed an accident unless committed by or at the direction of the insured." Also, it was provided that the insurer shall "defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *." (Italics added)
While the policy of insurance was in effect, and on March 19, 1955, an incident arose wherein one John Thompson was involved, which resulted in litigation. Thompson filed an original complaint in the Superior Court of New Jersey, Law Division, Middlesex County, against George D. Malanga and Alfred Malanga, individually and as partners t/a Mal-Bros. Contracting Company; Thomas Gallo, Mario Gallo, Gene Gallo and Vincent Gallo, individually and as partners t/a Gallo Contracting Company. That complaint was in five counts; the first count was against the Gallos, but was not prosecuted. The remaining counts set forth claims against the Malangas: the second count for reasonable value of the use of land; the third count for trespass upon land; the fourth count for personal injuries and damages by reason of willful assault, and a fifth count for malice. It was alleged in the pleading that during the course of business the named defendants, individually and *344 as partners, operated a certain bulldozer in a manner which caused injuries and damages to Thompson.
Following service the complaint was turned over to the insurer for attention under the terms of the policy. Upon examination of that pleading the insurer questioned the fact of insurance coverage, and observing the lack of any, returned the pleading to the insured, who were advised to procure an attorney to protect their interest. Thereupon, in a manner of acquiescence, the insured engaged personal counsel who filed formal answer and otherwise proceeded to defend.
Thereafter, Thompson filed an amended complaint, similarly as theretofore set forth, except that in a sixth count there was incorporated a claim for damages which was grounded on negligence. The amended pleading was forwarded to the insurer for attention and acknowledgment was confirmed by letter. Because of the added count, the insurer willingly assumed to defend "as long as the counts that do or may fall within the purview of your policy remain in existence." That acknowledgment was accompanied with forms of non-waiver agreements and a request for execution, but this was not done. The insurer engaged substituted counsel who filed formal answer to the amended complaint and undertook a full defense.
Certain preliminary motions were made and denied which resulted in that case being moved and tried before the court and jury in the aforesaid venue. At the close of the plaintiff's case there was a motion to strike the sixth count on the ground there was no proof of negligence, which was reserved. At the end of the entire case the aforesaid motion to strike was renewed and granted. Counts two and three were abandoned. This resulted in the submission to the jury the factual question of liability as contained in the fourth and fifth counts. In that respect the trial court put to the jury for determination the questions of Alfred L. Malanga's individual liability and the liability of George Malanga and the partnership, Mal-Bros. Contracting Company, if it was found that the partner Alfred acted in the *345 course of partnership business. As between plaintiff therein and defendants therein, the question under the proof was whether or not an assault and battery or malice was a proximate cause of the injuries and damages, or did the happening occur by reason of that plaintiff's conduct. There was no evidence of an accident chargeable to negligence.
After deliberation, the jury returned its verdict in favor of the plaintiff Thompson and against defendants George D. Malanga and Alfred Malanga, individually and as partners t/a Mal-Bros. Contracting Company, in the sum of $7,500 compensatory damages and $10,000 punitive damages.
Demand for payment of that judgment was made upon the insurer, but refused. Thereafter, plaintiffs paid the judgment, which gives rise to the claim for reimbursement sub judice.
Plaintiffs make two points: (1) There was express (sic) coverage (resulting from the inclusion of "assault and battery" as an accident, not excluded), and (2) defendant waived the right, if any, to disclaim liability. Defendant urges that the insured as named in this policy is not entitled to reimbursement from insurer for the satisfaction of a judgment under a verdict based on assault and battery. Also, defendant disputes the legality and effect of waiver.
It is clear that the provisions and terms of the policy do not provide insurance coverage under any cause pleaded in the amended complaint and submitted to or upon which the jury found liability, except as would come within the provision relating to the defined meaning of "accident" in the event of "assault and battery." The sole ground to sustain Thompson's cause was the factual issue of assault and battery with malice. That being established, there could be no direct liability of the insurer under the policy.
What then can give substance to express (sic) coverage? For that situation plaintiffs contend that, while the assault and battery by the partner Alfred was determined the proximate cause, his action was not "committed by or at the direction of" the co-partners. Furthermore, that as the law extends liability to all partners for the acts of one partner *346 occurring in the ordinary course of partnership business or with the authority of his co-partners, the named defendant, George D. Malanga, and the third partner, Louis J. Malanga  in the absence of proof that the committed assault and battery or its direction was by them  they are entitled to reimbursement by virtue of the coverage provided in the policy. R.S. 42:1-13, as well as R.S. 42:1-15, making the liability of all partners joint and several. Succinctly, it is said the co-partners (other than Albert) so liable to Thompson, being free from intent or direction for the committed assault and battery, were protected by the policy. It is undisputed that no partner, save Albert, was involved in the assault and battery.
The pertinent provisions of the policy under review contain no doubtful or uncertain meaning to suggest any ambiguity, and even if that situation can be said to be otherwise the court will accept that construction which affords rather than denies coverage. Schneider v. New Amsterdam Casualty Co., 22 N.J. Super. 238 (App. Div. 1952).
Consideration will be given to the verdict of the jury which found the additionally named partner George and the partnership liable for the assault and battery. But, of course, by that undertaking it is not intended to mean that the Thompson jury made a finding of "at the direction of the insured"  which was not then an issue. Defendant's contention otherwise is not sustainable. However, the result of that tribunal's deliberation does pose judicial consideration here as to what extent their verdict affects all partners in the light of the exclusory words of the policy provision qualifying "assault and battery" within the term "accident."
Counsel, observing no applicable holding by the courts of this State, argue, conversely, the force and effect of the holding in the case of Morgan v. Greater New York Taxpayers Mut. Ins. Ass'n, 305 N.Y. 243, 112 N.E.2d 273, 274 (Ct. App. 1953), as being apposite for a determination at bar and dispositive of the cross-motions.
In the Morgan case, supra, the action was against an insurer on a claim to satisfy a judgment against an assured. *347 That policy was issued to two persons as individuals against liability for damage for personal injuries "caused by accident," including "assault unless committed by or at the direction of the Assured." It defined "assured" as including "not only such named Assureds but also any partner * * * while acting within the scope of his duties as such." Under "Declarations" the policy contained the following: "The Assureds are individuals." The plaintiff therein was assaulted by one assured while the other was not present and obtained the unsatisfied judgment against both assureds, as partners. It was noticed that the partner who did not commit the assault was individually liable to plaintiff for the full judgment. Further noticed was the insurer's separate obligations to the named assureds  as if separate policies were issued to each. That court concerned itself only with the policy provisions as issued to the one without fault. Furthermore, the court considered the coverage for an "assault committed by or at the direction of the assured" in the light of public policy to insure a person against the consequence of his own crime and the right of the non-assaulting partner to have insurance coverage. Under "Definitions" the court held the policy intended to extend its coverage to additional persons besides each of the named assureds, and not to limit the insurer's obligation to each of the named assureds. To that effect the court's holding was that the assaulting assured cannot recover under the policy but the non-assaulting assured could, reversing a summary judgment granted to the insurer. At page 248 of 305 N.Y., at page 275 of 112 N.E.2d, the court said:
"Clearly the reason for the exclusion from coverage of an assault committed by or at the direction of the assured is that it would not be in accord with public policy to indemnify a person for losses incurred as a consequence of his criminal acts. That, we think, and nothing more is the intent of that exclusory provision. The denial of coverage to an assured for liability imposed upon him for an assault in which he himself took no part finds no justification in the policy which lies behind the exclusory provision. To indemnify him does not save him from the consequences of his criminal act for he committed none."
*348 It will be observed that the contract of insurance at bar afforded no direct individual coverage to the Malangas but covered them in the status of "t/a Mal-Bros. Contracting Company." However, it was provided under "Definition of Insured," that
"The unqualified word `insured' includes the named insured and also includes (1) under coverages B and D (both contracted for) * * * if the named insured is a partnership, the qualified word `insured' also includes any partner therein but only with respect to his liability as such." (Italics added)
At the risk of reiteration it is noted that George Malanga, and for that matter Louis J. Malanga, under the verdict returned in favor of Thompson against the partnership  "the named insured"  became liable "jointly and severally" as such partners. Therefore, they were qualified insureds and entitled to the protection of insurance coverage as bargained for within the terms of the policy.
Notwithstanding what has been said, defendant cites the case of DeLuca v. Coal Merchants Mut. Ins. Co., 203 Misc. 261, 59 N.Y.S.2d 664 (Sup. Ct. 1945), as comparable with the situation here and dispositive of the issue involved. In that case the named insured was a corporation. The assault was committed by the manager-president acting for the corporation. The policy contained a provision of "no coverage for an assault committed by or at the direction of the insured." It was held there was no insurance coverage since the act of the officer was the action of the corporation, undoubtedly under the principle of respondeat superior. In that posture defendant contends the action of the partner Albert  being found by the jury to have been the action of the partnership  was a bar to the individual nonassaulting partners' right of coverage. While that argument suggests a comparable question in the instance of an officer of and a corporation and the relationship of a partner in the case of a partnership, a determination thereon is not appropriate on this application. To do so would require the court to rule injudiciously with disregard of the aforementioned *349 policy provision which includes the partners George and Louis Malanga as insureds. The court must be guided by the reasonable expectation and the purpose in ordinary business affairs for the making of an insurance contract. If defendant intended by the exclusory words "at the direction of the insured" to mean no obligation to indemnify a non-assaulting "qualified" insured for liability resulting from an assault and battery committed by another such insured, it should have made that intention known. Instead the defendant saw fit to issue the policy sub judice, and therefore must be considered bound by the provisions thereof. Morgan v. Greater New York Taxpayers Mut. Ins. Ass'n, supra.
Exclusory language of a policy should be restricted in its application to each insured party specifically and not collectively against all parties insured. In this case, interpretation should be specifically as to Albert Malanga, the assaulting insured, but not collectively as to George or Louis Malanga, the nonassaulting insureds. Maryland Cas. Co. v. New Jersey Manufacturers (Casualty) Ins. Co., 48 N.J. Super. 314, at page 324 (App. Div. 1958).
In the light of the foregoing it is clear and, under fair interpretation of the related provisions of the questioned policy, it must be concluded that the defendant contracted to insure George and Louis Malanga as "qualified" insureds as members of the partnership  the named insured  and to afford to them insurance protection against claims, the like of which would result in the Thompson judgment and now a matter for satisfaction under their liability.
Accordingly, a summary judgment under the rules in favor of the plaintiffs will be entered and defendant's application denied. The disputed issue of waiver thereby becomes moot and determination unnecessary.
Counsel should present conformable order for judgment. See R.R. 4:55-1.