J. Robert Lynch, J.
The parties have cross-moved for summary judgment, an appropriate remedy since there is no substantial disagreement on the facts.
On October 18, 1959, defendant’s insured, David Branch, had an argument with his wife at their home in Syracuse. She left the house and Branch followed. A short time later he saw her get into a car driven by the plaintiff, Annie Lee McCarthy, and he jumped into his car with the avowed intention to follow and intercept his wife.
He next saw the McCarthy car when it was on South Townsend Street which is a one-way street. He entered South Townsend, traveling in the forbidden direction and struck the McCarthy car while in the act of roadblocking it. The collision injured the plaintiff and damaged her car.
Branch’s affidavit states that he “ ran into the Chevrolet owned and operated by Annie Lee McCarthy deliberately and with one purpose in mind, which was to stop the said Chevrolet. This was not an accident, but a deliberate act so that the Chevrolet, owned and operated by Annie Lee McCarthy, might be stopped and your deponent might get to further talk with his wife.”
As a result, Branch pleaded guilty to assault, resisting arrest and leaving the scene of an accident.
Plaintiff sued Branch in the County Court of Onondaga County sounding the complaint in negligence. The carrier defendant herein declined to defend Branch in the County Court action. Its reason given was that coverage under the policy ran only to damages “caused by accident ”, as distinct from damages caused by the deliberate act of the insured.
On May 11, I960, default judgment in the amount of $3,033.80 was granted plaintiff in the County Court action.
Her judgment remaining unsatisfied, plaintiff has brought the within action to collect it directly from the insurer, acting under the provisions of section 167 of the Insurance Law.
The mutual rights and obligations of Branch and the defendant are governed solely by the contract of insurance between them. The fact that defendant may have had an obligation to defend Branch or that he violated such obligation may render him liable in damages to Branch, had Branch expended money to defend himself. It does not by itself render defendant liable for the judgment. There is a distinction between liability and *81 coverage (Goldberg v. Lumber Mut. Cas. Ins. Co. of N. Y., 297 N. Y. 148).
The policy bound defendant to pay damages “ caused by accident” but with respect to assaults stated, “Assault and battery shall be deemed an accident unless committed by or at the direction of the insured ’
Though Branch’s ultimate purpose was to stop his wife, his immediate intent was to stop the car driven by plaintiff in which his wife was riding. He ‘ ‘ ran into the Chevrolet owned and operated by Annie Lee McCarthy deliberately and Avith one purpose in mind, which was to stop the said Chevrolet. ’ ’ This constituted an assault against the plaintiff committed by the insured.
Branch’s actions were not Avithin the scope of the liability assumed by the defendant under the policy. (Morgan v. Greater N. Y. Taxpayers Mut. Ins. Assn., 305 N. Y. 243; De Luca v. Coal Merchants Mut. Ins. Co., 203 Misc. 261; Farm Bureau Mut. Automobile Ins. Co. v. Hammer, 177 F. 2d 793, cert, denied 339 U. S. 914.)
Defendant’s motion for summary judgment is granted.