BARBARA J. BALDINGER, by Her Guardian ad Litem, STANLEY BALDINGER, et al., Respondents, v. CONSOLIDATED MUTUAL INSURANCE COMPANY, Appellant.—

The judgment sued upon was rendered in an action for damages for assault and battery by the infant plaintiff and by her father, against one Allan Banks, an infant six years of age. The judgment was based upon findings that Allan Banks "intended to force the infant plaintiff to leave the place where she was standing, and did in fact intend an offensive contact for the purpose of forcing her to leave said place", but that Allan Banks "did not intend to cause injury to the infant plaintiff." However, the infant plaintiff did sustain, among other injuries, a fractured elbow. Allan Banks was an "insured" under the insurance policy issued by the defendant to his father. Thereunder, the defendant was obligated "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person". It was also obligated, under certain conditions and limitations, to pay medical expenses "to or for each person who sustains bodily injury * * * caused by accident". It was further provided, however, that the policy was not to apply "to injury * * * caused intentionally by or at the direction of the insured". The defendant disclaimed liability on the ground that the judgment sued upon fell within the exclusion clause of the policy. We are in accord with the determination at Special Term: (a) that the injury for which the plaintiffs recovered judgment against Allan Banks was not caused intentionally but was rather the unintended result of an intentional act; and (b) that in accordance with the provisions of its policy the defendant was required to indemnify its insured against loss occasioned by such injury. If those provisions do not clearly require such indemnity, the most that can be said in defendant's behalf is that they are ambiguous, since they do not clearly express an intention to exclude liability for unintentional injury resulting from a deliberate act of the insured. If the provisions of the policy are ambiguous, any ambiguity must be resolved against defendant (*Greaves* v. *Public Serv. Mut. Ins. Co.*, 5 N Y 2d 120, 125). The rule is well settled that the language used in an insurance contract must be given its ordinary meaning — the meaning which the average policyholder of ordinary intelligence, as well as the insurer, would attach to it. If an exclusion of liability is intended which is not apparent from the language employed, it is the insurer's responsibility to make such intention clearly known (*Aetna Cas. & Sur. Co.* v. *General Cas. Co.*, 285 App. Div. 767, 770; cf. *Morgan* v. *Greater N. Y. Taxpayers Mut. Ins. Assn.*, 305 N. Y. 243, 248; *Sperling* v. *Great Amer. Ind. Co.*, 7 N Y 2d 442, 447). Nor is such indemnity forbidden by public policy, under the circumstances here disclosed. Such indemnity does not save the insured infant from the consequences of his criminal act, for he committed none (see Penal Law, § 816; *Morgan* v. *Greater N. Y. Taxpayers Mut. Ins. Assn.*, 305 N. Y. 243, *supra*). Nolan, P. J., Beldock, Christ and Brennan, JJ., concur; Ughetta, J., dissents and votes to reverse the order and judgment in favor of plaintiffs, and to grant summary judgment in favor of defendant, with the following memorandum: Under its insurance contract the defendant

is not liable for injury " caused intentionally ". The unprovoked assault was deliberate. In fact, intention was an integral element of the original action for assault in which plaintiffs recovered judgment against the defendant's insured (cf. *Brodsky* v. *Rieser,* 195 App. Div. 557, 558; *McGovern* v. *Weis,* 265 App. Div. 367, 370). That the assailant did not anticipate the extent of the injury which would be caused by his forceful act or that he did not foresee the consequences of his act does not change the inherent nature of assault as an intentional act. Clearly, the exclusion provision applies to any injury caused by *any* intentional act.