HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant-Respondent, v RYDER TRUCK RENTAL, INC., et al., Respondents.

RYDER TRUCK RENTAL, INC., Third-Party Plaintiff-Respondent, v MICHELLEN BROKERAGE, INC., Third-Party Defendant-Respondent-Appellant.

First Department, February 25, 1982

### APPEARANCES OF COUNSEL

*Mark L. Levenson* of counsel (*Milton H. Miller* with him on the brief), for appellant-respondent.

*Charles S. Hefter* of counsel (*Martin Rosen,* attorney), for Ryder Truck Rental, Inc., and another, respondents, and Ryder Truck Rental, Inc., third-party plaintiff-respondent.

*Dennis M. Perlberg* of counsel (*Greenhill, Speyer & Thurm,* attorneys), for third-party defendant-respondent-appellant.

### OPINION OF THE COURT

ASCH, J.

The action herein was commenced by Hartford Accident & Indemnity Company (Hartford) for declaratory judgment that National Union Fire Insurance Co. of Pittsburgh, Pa. (National), is the primary carrier and Hartford the excess carrier.

This controversy as to insurance coverage arose out of an accident involving A.A.A. Drive Away, Inc. (A.A.A.), which was transporting a vehicle of Ryder Truck Rental, Inc. (Ryder). Hartford had issued an insurance policy to A.A.A. and National insured Ryder. Ryder brought the third-party action against Michellen Brokerage, Inc. (Michellen), the insurance broker for A.A.A., which had obtained the Hartford insurance.

Hartford moved for summary judgment and A.A.A. then cross-moved for similar relief. Michellen cross-moved to dismiss the third-party complaint against it pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action.

The extensive record submitted upon the motion and cross motions contains copies of the policies of insurance which are appended to the affidavits of the parties. Hartford's policy with A.A.A. contains an indorsement which reads in pertinent part: "This insurance shall be excess over any other valid and collectible insurance for *bodily injury* liability, for *property damage* liability and for automobile medical payments whether primary, excess or contingent".

National's policy with Ryder, on the other hand, under the heading "Persons Insured" states in pertinent part: "(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission".

There is no dispute that A.A.A. was using the vehicle with the permission of Ryder.

National's claim that the acts of A.A.A. and Hartford estop Hartford from denying coverage is unsupported by evidentiary facts. The instances cited by National of prior accidents in which the insurer or A.A.A. paid for any damage incurred all predated the time when Hartford first afforded coverage to A.A.A. "[O]nly the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 231).

■ The clear language of the policy of insurance issued by Hartford denominates it as excess insurance. Moreover, National's policy expressly includes A.A.A. as a "Person Insured" in the transportation of Ryder's vehicle. There is no reason why the insurer of a lessor should not be required to defend against an accident of a lessee driver even when the driver has his own separate insurance coverage. A.A.A.'s coverage by Hartford, which is specified as excess, cannot be read to require Hartford to become a primary insurer. It is not for the court to rewrite the insurance contracts agreed to by the parties. If an exclusion of liability is intended which is not apparent from the language employed, it is the insurer's responsibility to make such intention clearly known (*Morgan v Greater N.Y. Taxpayers Mut. Ins. Assn.*, 305 NY 243, 248).

Michellen's cross motion to dismiss the third-party complaint for failure to state a cause of action should have been granted. The complaint in the main action asserts no claim against Ryder, the third-party plaintiff, and the cross claims all relate to duties under the insurance policies. Therefore, Ryder has not pleaded any valid cause of action against Michellen.

Accordingly, the order of the Supreme Court, New York County (TYLER, J.), entered September 19, 1981, which, *inter alia,* denied plaintiff-appellant's motion for summary judgment in this action for declaratory judgment and also denied third-party defendant-respondent's cross motion to dismiss the third-party complaint, should be modified, on the law, to the extent of granting summary judgment to plaintiff-appellant, Hartford, declaring that defendant-respondent National is the primary carrier and plaintiff-appellant Hartford is the excess carrier; dismissing the third-party complaint against third-party defendant-cross-appellant, Michellen, for failure to state a cause of action, with costs to plaintiff-appellant Hartford payable by defendant-respondent National and costs to cross-appellant Michellen payable by third-party plaintiff-respondent Ryder; and otherwise affirmed.

KUPFERMAN, J. P., SULLIVAN and FEIN, JJ., concur.

Order, Supreme Court, New York County, entered on September 19, 1981, unanimously modified, on the law, to

the extent of granting summary judgment to plaintiff-appellant, Hartford, declaring that defendant-respondent National is the primary carrier and plaintiff-appellant Hartford is the excess carrier; dismissing the third-party complaint against third-party defendant-cross-appellant, Michellen, for failure to state a cause of action, and otherwise affirmed. Plaintiff-appellant-cross-respondent shall recover of defendant-respondent, National Union Fire Insurance Co. of Pittsburgh, Pa., $75 costs and disbursements of this appeal, and third-party defendant-respondent-cross-appellant shall recover of third-party plaintiff-respondent $75 costs and disbursements of this cross appeal.