EDWIN COONEY, Doing Business as COONEY Co., Respondent, *v.* LIBERTY MUTUAL INSURANCE Co., Appellant.

Fourth Department, July 8, 1954.

*Gustav P. Blaustein* for appellant.

*M. Harold Dwyer* for respondent.

McCURN, P. J. The defendant insurance company issued to the plaintiff its policy of insurance known as a Schedule Manufacturers' and Contractors' General Liability policy. This action is brought to recover the amount expended by the plaintiff in settlement of two actions brought against the plaintiff for personal injuries based upon negligence and for attorney's fees necessarily incurred in the defense and settlement of said actions. The defendant refused to assume responsibility under its policy or to defend the actions upon the ground that such causes of action did not come within the coverage of the policy. The appeal is from a judgment entered upon a directed verdict in favor of the plaintiff.

The plaintiff entered into a contract with the owner of the Community Grill in Cortland, New York, to sell and to install in the premises of the Community Grill a Carrier Condensing unit. Plaintiff's employees commenced and completed the installation on September 21, 1949. On May 15, 1950, one Arnold Wood, a plumber, was installing a gas heater in the basement of the Community Grill, and at the same time one Fred Harris, an employee of a junk dealer, was removing junk from the basement of the Community Grill, when he struck an old ammonia tank with a hammer or sledge. An explosion resulted, injuring both Harris and Wood and they brought the above-mentioned actions against this plaintiff to recover damages for their injuries. The complaints of both Harris and Wood charged negligence against this plaintiff in that plaintiff's employees disconnected the tank containing ammonia fumes, failed to empty it of such fumes, but left it in such condition that it was dangerous and hazardous to any persons thereafter having occasion to remove or otherwise deal with the tank.

The insurance policy contains a " Definition of Hazards " among which are:

" Division 1 — Premises — Operations. The ownership, maintenance or use of premises and all operations necessary or incidental thereto ".

" Division 3 — Products * * * operations, if the accident occurs after such operations have been completed or abandoned at the place of occurrence thereof and away from premises owned, rented or controlled by the insured, except (a) pick-up

and delivery, (b) the existence of tools, uninstalled equipment and abandoned or unused materials and ".

The policy provides under " Exclusions " " This policy does not apply:  *  *  *  (e) under divisions 1 and 5 of the definition of Hazards, to liability with respect to which insurance is or can be afforded under division 3 of the Definition of Hazards ".

The insured paid a premium charge for coverage under Division 1 — Premises — Operations, but paid no premium charge and obtained no coverage under Division 3 — Products. The policy therefore does not cover accidents occurring after operations have been completed or abandoned at the place of occurrence thereof and away from the insured's premises, except " (a) pick-up and delivery, (b) the existence of tools, uninstalled equipment and abandoned or unused materials ". It is plaintiff's contention here that the accident in question comes within the exception of " abandoned or unused materials " and is therefore included in " Division 1 — Premises — Operations " and covered by the terms of the policy.

It was developed on the trial that the ammonia tank was the property of the grill proprietor and that it was no part of the insured's contract to remove it. The grill proprietor had told the insured's workmen not to remove it; that he intended to sell it for junk. The insured's workmen found it necessary to remove from the so-called back bar certain coils which were connected with the ammonia tank in order that they might substitute the coils attached to the new unit in the back bar. Other than that the insured had no occasion to and did not do any work in connection with the old ammonia unit or the ammonia gas contained therein. The insured had no right of possession or ownership in the tank or the ammonia which could be the subject of an abandonment. It was not in any way involved in his contract nor was it made any use of in connection with the new installation. The facts and circumstances are undisputed and we can conceive of no reasonable basis for a conclusion that the tank and the ammonia gas constituted " unused materials ". " It seems perfectly clear that this exception to ' completed operations ' refers only to tools, equipment and materials which on completion of an operation should have been removed by the assured from the premises where the operation occurred but which, instead, were abandoned there by the insured and later were instrumental in causing an accident." (*U. S. Sanitary Specialties Corp.* v. *Globe Ind. Co.*, 204 F. 2d 774, 777.)

We have given consideration to the rule that any exception to a general coverage in an insurance policy must be so stated as to be clear and unequivocal and written in such terms as to be intelligible to an ordinary business man (see *Tonkin* v. *California Ins. Co.,* 294 N. Y. 326; *Birnbaum* v. *Jamestown Mut. Ins. Co.,* 298 N. Y. 305, 313, and *Whiteside* v. *Insurance Co. of State of Pennsylvania,* 274 App. Div. 36, 38). We reach the conclusion, however, that as applied to the circumstances present here the exception containing the words " abandoned or unused material " are not ambiguous or likely to mislead the ordinary business man.

In our view of it the accident in question arose out of the hazard specified in Division 3 of the definition of hazards. (See *Berger Bros. Elec. Motors* v. *New Amsterdam Cas. Co.,* 293 N. Y. 523.) Since Division 3 defines a hazard not insured against by the terms of the policy, the defendant assumed no obligation either to pay or defend on behalf of the insured claims arising out of such hazard.

The judgment appealed from should, therefore, be reversed and judgment should be entered in favor of the defendant, dismissing the complaint.

All concur, except PIPER, J., who dissents and votes for affirmance. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment reversed on the law, with costs and complaint dismissed, with costs.