GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant, *v.*
VICTORY PERRY, Defendant, and ARNOLD M. FRANKEL et al.,
Respondents.

First Department, October 21, 1958.

*Alexander E. Rosenthal* of counsel (*Irving Segal*, attorney), for appellant.

*Morris H. Halpern* (*Meyer Turin* with him on the brief), attorney, for respondents.

McNally, J. In this action for a declaratory judgment, plaintiff appeals from the dismissal of its complaint after a trial without a jury.

On June 8, 1954, plaintiff insurance company issued a public liability policy to defendant Hanover Construction Corp. (hereinafter called Hanover), the owner of premises 562 West End Avenue, New York City. The policy set forth the following insuring agreements:

" Does hereby agree with the assured, named in the declarations made a part hereof, in consideration of the payment of the premium and of the statements contained in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy;

" Bodily injury liability. To pay on behalf of the Assured all sums which the Assured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, caused by accident, arising out of the care, maintenance or operation of the premises herein insured.

" To investigate all reported accidents covered hereby; to defend in the name of the Assured any suits, even if groundless, brought against the Assured to recover damages for which indemnity is payable under this policy, unless the Company shall elect to effect settlement thereof; to pay, irrespective of the limits of liability hereinafter mentioned, all expenses incurred by the Company for investigation or defense including all costs taxed against the Assured in such suits and all interest accruing after entry of judgment upon such part of such judgment as does not exceed the limit of the Company's liability thereon; also to pay all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bond; and to pay such expenses as may be incurred by the Assured for such immediate medical and surgical aid as is imperative at the time of accident.

"ASSAULT AND BATTERY. Assault and battery shall be deemed an accident unless committed by or at the direction of the Assured."

The word assured was defined as follows:

"DEFINITIONS

"2. (a) The word 'Assured' used in this Policy shall mean the individual, partnership, corporation, trustee or estate named in Declaration 3, and includes not only such named Assureds but also any partner, executive officer or directors thereof while acting within the scope of his duties as such".

An action was commenced against Arnold M. Frankel, the vice-president of Hanover, and Hanover by one Victor Perry alleging that Frankel had assaulted him during the period that the policy was in force and effect, and that the assault was committed by Frankel acting as Hanover's managing agent and within the scope of his authority.

Perry's complaint alleges in paragraph fourth that Frankel was an officer of Hanover, to wit, its vice-president. The complaint further alleges that Hanover was the owner of an apartment house located at 562 West End Avenue, New York City; that Perry was a tenant occupying an apartment in the building with his family; that Frankel was employed by Hanover as managing agent in charge of the building; and that Perry suffered bodily injury.

Shortly after Perry's summons and complaint had been served upon Frankel and Hanover, they in turn forwarded the same to the plaintiff insurance carrier for its attention. Upon receipt of the aforesaid papers, the plaintiff wrote to Hanover and Frankel and advised them that, since the assault was allegedly committed by or at the direction of the assured, the same was not a "covered" occurrence with respect to both Hanover and Frankel. However, the plaintiff insurance carrier did interpose an answer in the assault action with an express reservation of its right to disclaim liability under the policy. This arrangement was unsatisfactory to Hanover and Frankel and they so advised the insurance carrier, after which plaintiff instituted this declaratory judgment action.

The complaint seeks a declaration that the plaintiff insurance carrier is not required to defend the Perry action against Hanover and Frankel. The plaintiff's case consisted almost exclusively of the introduction into evidence of the insurance policy and the papers in the Perry action. The defense of Hanover and Frankel consisted substantially of the uncontroverted testimony of Frankel in which he denied having committed the alleged assault upon Perry. Perry, although he had appeared

in the action by an attorney, did not appear at or take part in the trial.

The defendants rely upon the proposition that the policy of insurance obligated the plaintiff insurance carrier to defend, in the name of the assured, any and all suits, even if groundless. They contend that this obligation is tantamount to an agreement by the plaintiff to defend any and all suits commenced against the defendants. This argument, however, contravenes the clear language of the policy. The policy expressly provides that a defense will be made by the plaintiff, even in groundless suits, only where the damages sought to be recovered are those " for which indemnity is payable under this policy." It is thus apparent that before the obligation to defend arises the damages sought must arise out of circumstances included in the coverage of the policy and not specifically excluded.

Assault and battery is defined in the policy as an accident unless, as the policy states, it was " committed by or at the direction of the Assured." We are of the opinion that Frankel is an additional assured under the provisions of the policy, which includes as assureds " executive officer or directors " of the named assured. If this be so, Frankel's commission of the assault excludes him from the right to indemnity therefor. (*Morgan* v. *Greater New York Taxpayers Mut. Ins. Assn.*, 305 N. Y. 243, 249.) If Frankel is not an additional assured by reason of the fact that he is not an executive officer of Hanover within the meaning of the policy, then it is also true that he is not entitled to indemnity for the assault committed by him and plaintiff is not required to defend the Perry action on behalf of Frankel.

The alleged assault by Frankel, acting as an officer of Hanover and in the course of his duties as Hanover's managing agent, is an assault by the named assured, Hanover, within the meaning of the policy, and by its express provisions is excluded from the coverage thereof. (*De Luca* v. *Coal Merchants Mut. Ins. Co.*, 203 Misc. 261.) The holding in the *De Luca* case was approved by the Court of Appeals in the *Morgan* case (*supra*, p. 249).

In the *De Luca* case, a policy of liability insurance issued to a restaurant corporation provided that the insurance company would " pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages &ast; &ast; &ast; sustained by any person or persons caused by accident and arising out of the hazards hereinafter defined "; it also provided that " [a]ssault and

battery shall be deemed an accident unless committed by or at the direction of the insured ''. The plaintiff there sued on the liability policy issued to the restaurant and recovered a judgment. The proof was that plaintiff was a patron in the restaurant and was ejected therefrom at the request of the manager of the restaurant who was also the president of the insured corporation. The judgment in plaintiff's favor was reversed by the Appellate Term in the following memorandum *Per Curiam* opinion (p. 262): '' Under the provisions of the policy there was no coverage for an assault committed by or at the direction of the insured. The assault was committed by the manager and president of the corporation acting in the line of his duty and in the interests of the corporation. The corporation is consequently liable for the assault. (*McLoughlin* v. *New York Edison Co.*, 252 N. Y. 202.) The assault therefore may not be considered an accident within the meaning of clause 3 of the policy. The judgment should be reversed, with costs and complaint dismissed, with costs.''

In *Morgan* v. *Greater New York Taxpayers Mut. Ins. Assn.* (*supra,* p. 249), the court noted the distinction between a corporate named assured and an individual named assured in respect of the meaning of the clause excluding from coverage '' [a]ssault and battery * * * committed by or at the direction of the Assured.'' There, the court held that a corporate named assured acts through its agent and that the act of the agent is the act of the corporation. Here, we are concerned with an assault by Hanover, the named corporate assured, acting through its agent Frankel. The exclusion of '' [a]ssault and battery * * * committed by or at the direction of the Assured '' in respect of the named assured Hanover, is, therefore, operative. In so deciding, we are not required to find that Frankel was an '' executive officer or director[s] '' within the policy definition of an additional assured.

The plaintiff's duty to defend under the provisions of the policy here involved depends on the allegations of the plaintiff Perry in the assault action. (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.*, 297 N. Y. 148.) Perry's complaint alleges a cause of action against Frankel for an assault committed by Frankel, and against Hanover for an assault which must be deemed to have been committed by Hanover or at its direction, since Frankel allegedly was acting at the time as Hanover's officer and managing agent and within the scope of his authority. The Perry complaint alleges a basis for liability which is beyond the scope of the coverage as to both Frankel and Hanover.

The fact that Frankel and Hanover insist the suit is groundless does not operate to bring the cause within the insurance contract. Whether or not the plaintiff is required to defend and indemnify Frankel and Hanover is to be determined on the allegations of Perry's complaint and the provisions of the policy.

We hold that on the proof adduced the plaintiff was entitled to judgment below. Under the provisions of subdivision 2 of section 584 of the Civil Practice Act, we should, on the appeal from a judgment rendered by the court without a jury, unless we affirm, grant the judgment which the court below ought to have granted. (*Leonard* v. *Frantz Co.*, 268 App. Div. 144, 148; *Mouren* v. *Great Atlantic & Pacific Tea Co.*, 1 A D 2d 767; *Gross* v. *Molmar Bus Transp. Co.*, 3 A D 2d 703; *Margolies* v. *City of New York*, 3 A D 2d 734.)

Findings of fact and conclusions of law inconsistent herewith should be reversed. The judgment appealed from should be reversed, on the law, without costs, and judgment should be entered in favor of the plaintiff declaring that the insurance policy afforded no coverage by way of defense or indemnity to Hanover and Frankel for Perry's lawsuit against them.

BREITEL, J. P., M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Judgment unanimously reversed, on the law, without costs, and judgment is directed to be entered in favor of plaintiff declaring that the insurance policy afforded no coverage by way of defense or indemnity to defendants Arnold M. Frankel and Hanover Construction Corp. for the lawsuit against them by Victor Perry.

Settle order.