164 So.2d 533 (1964)
Charles R. ROBERTS, Appellant,
v.
R & S LIQUOR STORES, INC., Kenneth R. Scheurman and Gilbert Mackoul, and Hanover Insurance Company, a corporation, Appellees.
No. E-394.
District Court of Appeal of Florida. First District.
May 28, 1964.
Norton, Wood & Moore, Jacksonville, for appellant.
Howell, Kirby, Montgomery & Sands, Jacksonville, for appellees.
WIGGINTON, Judge.
This appeal is from a summary final judgment rendered in favor of the garnishee, Hanover Insurance Company, a corporation, in a garnishment proceeding instituted against it by appellant garnishor, Charles R. Roberts. It is contended that the trial court erred in concluding that under the applicable law the garnishee is entitled to judgment.
Appellant first instituted action against appellees R & S Liquor Stores, Inc., Kenneth R. Scheurman, and Gilbert Mackoul, seeking damages for personal injuries sustained by him as a result of an assault made upon him by the individual defendants, Scheurman and Mackoul, while acting within the scope of their duties and employment as employees of the corporate defendant. The trial resulted in a verdict awarding Roberts damages against the corporation in the sum of $15,000.00, and against Mackoul in the sum of $3,700.00. Upon the entry of judgment Roberts procured the issuance of a writ of garnishment directed to the appellee Hanover Insurance Company alleging that the latter had, at the time of the assault and battery involved in *534 the principal suit, contracted to indemnify R & S Liquor Stores from any liability imposed upon it as a result of the occurrence of any accident in connection with the operation of its business, which insurance policy covered and included assaults and batteries such as were suffered by plaintiff at the hands of the corporation's employees. The garnishee insurance company denied liability under the terms and provisions of its insurance contract. The insurance policy in question provides that the company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident. Under the definitions clause of the policy it is provided that assault and battery shall be deemed an accident unless committed by or at the direction of the insured.
Roberts and the insurance company each filed a motion for summary judgment, contending that there existed in the case no genuine issue of any material fact, and that each movant was entitled to judgment as a matter of law. There was submitted to the trial judge for his consideration in disposing of these motions the pleadings and transcript of the proceedings in the principal suit by the appellant Roberts against the corporate defendant and its two employees, an affidavit of Hanover's attorney together with certain exhibits contained in the file. The trial court found that there existed no genuine issue of any material fact and from the evidence it affirmatively appeared without dispute that the assault and battery committed upon Roberts by Scheurman and Mackoul was by or at the direction of the corporate defendant R & S Liquor Stores, Inc., and therefore does not come within the coverage of the liability insurance policy sued upon in the garnishment proceedings. The trial court thereupon entered summary judgment in favor of the garnishee Hanover Insurance Company, from which judgment this appeal is taken.
An examination of the insurance policy involved herein reveals that Hanover Insurance Company bound itself to indemnify the corporate defendant R & S Liquor Stores for any sums which the latter may become legally obligated to pay as damages because of bodily injury sustained by any person and caused by accident, the term accident including assault and battery unless committed by or at the direction of the insured. The sole question presented to the court for determination in the garnishment proceedings was whether the assault and battery committed by Mackoul and Scheurman upon Roberts was by or at the direction of their employer, R & S Liquor Stores, Inc., the insured under the policy. If not, then Hanover would be liable within the limits of its policy to the plaintiff for the amount of his judgment against the insured defendant. If, however, the proof establishes that the assault by Scheurman and Mackoul was by or at the direction of their employer, the insured, then no liability coverage is provided by Hanover's insurance contract.
A review of the trial proceedings establishes without serious conflict that R & S Liquor Stores, Inc., the corporate defendant, was the owner and operator of a tavern in Duval County where intoxicating beverages and entertainment were provided its patrons. The corporation was owned entirely by one Ted Schlossman who appears on the records of the corporation as vice president. Gilbert Mackoul, whose assault on the plaintiff resulted in the judgment rendered against both him and the corporate defendant, was general manager of the tavern. Among the several duties of Mackoul as general manager was that of keeping order when the tavern was in operation. In carrying out this duty it was necessary for him to eject undesirable or unruly persons from the premises by physical force when necessary, the amount of *535 force to be used being left entirely to his judgment and discretion. On the night in question Roberts approached the entrance to the tavern and stated his desire to enter for the purpose of locating some friends whom he had agreed to meet there. Mackoul was at the door of the tavern and told Roberts that the place was full and he could not enter at that time, but would have to stand by and wait his turn with others. Further remarks were exchanged between Roberts and Mackoul which resulted in the assault which forms the basis of this action. At the time of the conversation between Roberts and Mackoul, Schlossman, the owner of the tavern, was standing nearby and observed the altercation from its inception. Schlossman not only failed to restrain Mackoul from assaulting Roberts, but later told him that he had done the right thing.
From the foregoing it affirmatively appears without dispute that the assault in this case made by Mackoul on Roberts was either by the insured corporation acting through its manager Mackoul, or was at the direction of the corporation acting through its owner and vice president Schlossman who tacitly approved, ratified and confirmed the assault as committed by his manager Mackoul.
The question with which we are concerned was squarely presented and passed upon by the Supreme Court of New York in the De Luca case.[1] The brief opinion published by the court in that case is as follows:
"Under the provisions of the policy there was no coverage for an assault committed by or at the direction of the insured. The assault was committed by the manager and president of the corporation acting in the line of his duty and in the interests of the corporation. The corporation is consequently liable for the assault. McLoughlin v. New York Edison Co., 252 N.Y. 202, 169 N.E. 277. The assault therefore may not be considered an accident within the meaning of clause 3 of the policy."
The same question again arose in the Supreme Court of New York in the Greater New York Mutual Insurance Company case.[2] There, as here, suit was brought for damages resulting from personal injuries sustained by plaintiff as a result of an assault and battery upon him by defendant Frankel who, at the time, was acting within the course of his duties as an officer of the corporate defendant, Hanover Construction Corporation. The liability insurance policy involved in that case provided indemnity to the construction company for all sums which it shall become obligated to pay by reason of liability imposed upon it for damages because of bodily injury sustained by any person caused by accident arising out of the care, maintenance or operation of the described premises. The insurance policy further provided, as does the policy involved in the case we now review, that assault and battery shall be deemed an accident unless committed by or at the direction of the insured. In holding in favor of the insurance company on its defense of nonliability the court said:
"The alleged assault by Frankel, acting as an officer of Hanover and in the course of his duties as Hanover's managing agent, is an assault by the named assured, Hanover, within the meaning of the policy, and by its express provisions is excluded from the coverage thereof."
In each of the two cases above cited the assault complained of by the plaintiff was committed by an individual occupying the position of manager in the employment of the insured corporate defendant. In each case the liability policy sued upon excluded from its coverage an assault and battery *536 committed by or at the direction of the insured under the policy. These facts squarely fit the facts in the case we now review. In each case it was held that the policy provided no coverage for the insured, nor was it liable to the injured plaintiff for the damages suffered by him. Based upon these authorities we are constrained to the view, and so hold, that the trial court in the case sub judice correctly held that the garnishee insurance company was entitled to judgment as a matter of law. The summary judgment appealed herein is accordingly affirmed.
STURGIS, C.J., and RAWLS, J., concur.
NOTES
[1] De Luca v. Coal Merchants Mut. Ins. Co., (1945) 203 Misc. 261, 59 N.Y.S.2d 664.
[2] Greater New York Mutual Insurance Co. v. Perry, (1958), 6 A.D.2d 432, 178 N.Y.S.2d 760.