187 So.2d 898 (1966)
STERLING INSURANCE COMPANY, Appellant,
v.
Edna HUGHES and Herbert Hughes, and N & B Corp., a Florida Corporation, d/b/a Strath Haven Hotel, Appellees.
No. 65-576.
District Court of Appeal of Florida. Third District.
June 21, 1966.
Rehearing Denied July 27, 1966.
Tobin, Rubin, Salmon, Drucker & Moss, Coral Gables, Richard M. Gale, Miami, for appellant.
Snyder, Young & Stern, No. Miami Beach, Myers, Heiman & Kaplan, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
HENDRY, Chief Judge.
This is an appeal by the garnishee, Sterling Insurance Company, from a summary final judgment in favor of the plaintiffs, Edna Hughes and Herbert Hughes, her husband, in a garnishment proceeding.
The garnishment action was instituted after a final judgment was entered in favor *899 of the plaintiffs against the defendant, N & B Corp., in an action for assault and battery.
The final judgment entered in the assault and battery suit was for $2,000 compensatory damages and $6,000 punitive damages. On appeal, this court affirmed the judgment.[1] We held that:
"Appellee, wife, was assaulted by appellant's `beach boy' when she went on to appellant's `private beach'. The beach boy was appellant's employee and had custody of the beach area. * * *"
"We find that there is evidence in the record to support the verdict for both compensatory and punitive damages inasmuch as the beach boy was given apparent authority to police the beach area and full authority to deal with those persons who violated the appellant's property."
The garnishee in its answer admitted liability for the compensatory damages but denied any indebtedness for the punitive damages. The lower court entered a summary final judgment in favor of the plaintiffs and specifically awarded recovery of $6,000 in punitive damages to Edna Hughes from the garnishee.
The garnishee presents two points on this appeal: whether or not the assault was an accident within the liability policy which considers assault and battery an accident unless committed by or at the direction of the insured; and, whether a policy obligating an insurer to pay "all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease" includes an obligation to pay amounts assessed against its insured as punitive damages.
The garnishee submits that the case of Roberts v. R & S Liquor Stores, Inc., Fla. App. 1964, 164 So.2d 533 is controlling. The garnishee asserts that the court in the above case held that where an assault is committed by an employee of a corporation acting in the line of his duty and in the interests of the corporation, said assault may not be considered an accident within the meaning of the clause of an insurance policy providing that an assault and battery shall not be deemed an accident where committed by or at the direction of the insured.[2]
We do not agree with the assertion of the garnishee. In the Roberts case, above, and the decision upon which the court therein relied,[3] the employee committing the assault and battery was the general manager of the corporation or its managing agent. In each case the court was able to determine that the acts of the manager were the acts of the insured.[4]
We can not consider the acts of the "beach boy" to be the acts of the insured. Nor do we find that because the beach boy had full authority to deal with those persons who violated the insured's property that the assault was committed with the insured's authority or consent. While the beach boy may be considered to have been acting in the furtherance of the insured's business, there is no evidence to indicate that the insured gave him authority to intentionally inflict injuries upon those persons who violated the insured's property.
Thus, we hold that the assault and battery was an accident within the meaning of the contract of insurance.
*900 In order to avoid payment of punitive damages, the garnishee indicates that the nature and purpose of punitive damages in Florida is to impose a punishment on the defendant and to deter others, and that they are an award beyond the actual damages suffered. The garnishee cites Nicholson v. American Fire and Casualty Ins. Co., Fla.App. 1965, 177 So.2d 52, page 54, wherein the Second District said:
"Based on this rationale of punitive damages, we are convinced that to allow drivers of automobiles to shift the responsibility for this type of penalty to an insurance company contravenes the public policy of the state."
However, it is generally held that there is a distinction between the actual tortfeasor and one only vicariously liable and that therefore public policy is not violated by construing a liability policy to include punitive damages recovered by an injured person where the insured did not participate in or authorize the act.[5]
We therefore hold that the punitive damages under the facts here are within the meaning of the liability policy of insurance and that public policy will not be violated in requiring the garnishee to pay said damages.
Finding no error, the judgment appealed is affirmed.
Affirmed.
PEARSON, Judge (dissenting).
I would hold that the beach boy, who was in charge of beach activities of the corporation, occupied the position of a managing agent and would follow Roberts v. R & S Liquor Stores, Inc., Fla.App. 1964, 164 So.2d 533. Under this view, the reasoning in Nicholson v. American Fire & Casualty Ins. Co., Fla.App. 1965, 177 So.2d 52, would also be applicable.
NOTES
[1] N & B Corp. v. Hughes, Fla.App. 1964, 170 So.2d 101.
[2] See also Consolidated Mutual Ins. Co. v. Ivy Liquors, Inc., Fla.App. 1966, 185 So.2d 187.
[3] DeLuca v. Coal Merchants Mut. Ins. Co., 203 Misc. 261, 59 N.Y.S.2d 664 (1945); Greater New York Mutual Insurance Co. v. Perry, 6 A.D.2d 432, 178 N.Y.S.2d 760 (1958).
[4] See: Morgan v. Greater New York Taxpayers Mut. Ins. Ass'n, 305 N.Y. 243, 112 N.E.2d 273 (1953).
[5] Ohio Casualty Ins. Co. v. Welfare Finance Co., 75 F.2d 58 (8th Cir.1934); LoRocco v. New Jersey Mfrs. Ind. Ins. Co., 82 N.J. Super. 323, 197 A.2d 591 (1964).