■ EDMUND J. TREPACZ, Appellant, v. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION LIMITED, Respondent.— Order unanimously modified in accordance with Memorandum, and as modified affirmed, without costs. Memorandum: It is alleged in the complaint that defendant company issued a policy of insurance to plaintiff whereby defendant agreed to pay on behalf of plaintiff all sums which plaintiff should "become legally obligated to pay as damages because of bodily injury * * * and the company shall defend any suit against the insured [plaintiff] alleging such bodily injury * * * and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless"; that during the effective term of the policy one Catherine A. Cohen brought suit against plaintiff alleging that plaintiff "willfully, maliciously, violently and forcibly laid his hands upon the person of the [said Catherine A. Cohen] striking her in the face, and breaking her sun glasses in her hand, while [the said Catherine A. Cohen] was lawfully on [this plaintiff's] said premises"; and that plaintiff has called upon defendant to defend said action by Mrs. Cohen, but defendant has refused to do so. Plaintiff seeks in this action a judgment declaring defendant's obligation to defend the Cohen action and pay any judgment which may be recovered therein. By its answer the defendant alleges that the policy of insurance which it issued to plaintiff excludes from coverage actions for "bodily injury * * * caused intentionally by or at the direction of the Insured"; and defendant asserts that the policy does not protect plaintiff against the action by Mrs. Cohen because that action is expressly and exclusively founded on intentional injury caused to Mrs. Cohen by plaintiff. Special Term granted defendant's motion for summary judgment dismissing the complaint upon the ground that it appears from the face of the Cohen complaint that no claim is made within the coverage of the policy. We agree with Special Term's determination of the merits of the action (see *Cooney* v. *Liberty Mut. Ins. Co.*, 284 App. Div. 328); but since plaintiff's action is for declaratory judgment, the order appealed from should be modified (see *Downey* v. *Merchants Mut. Ins. Co.*, 30 A D 2d 171, affd. 23 N Y 2d 989), to declare that defendant-respondent has no duty to defend the Cohen action against plaintiff-appellant, nor to indemnify plaintiff with respect to any recovery Mrs. Cohen may obtain in that action, nor to pay any disbursement or legal fee which plaintiff may incur in connection with that action or this one; and as so modified the order should be affirmed. (Appeal from order of Onondaga Special Term dismissing declaratory judgment action.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.