■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, v KENNETH R. LEVY et al., Respondents.—Judgment, Supreme Court, New York County, entered November 9, 1976, declaring that plaintiff is required to defend a malpractice action and pay any judgment therein, is unanimously affirmed. Respondents shall recover of appellant $60 costs and disbursements of this appeal. Plaintiff insurance company claims that defendant dentist failed to give prompt notice as required by the malpractice liability policy and that, therefore, it is not liable on the policy. About one week after defendant dentist had performed a dental extraction on a patient and prescribed penicillin for the patient, the dentist received a telephone call from the medical examiner's office stating that the patient had died the next day; that the medical examiner was trying to determine the cause of death; and that there was a possibility that the patient had died from an allergic reaction from penicillin. Defendant dentist did not notify the insurance company of this call. Over a year later he was served with a summons and then notified the company. As stated in *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.* (31 NY2d 436, 440–441), by the Court of Appeals: "Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy * * *. Then, too, a good-faith belief of non-liability may excuse or explain a seeming failure to give timely notice * * * But the insured's belief

must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence". "It is also well settled that the reasonableness of a delay, where mitigating circumstances such as absence from the State or lack of knowledge of the occurrence or its seriousness are offered as an excuse, is usually for the jury." (*Deso v London & Lancashire Ind. Co. of Amer.,* 3 NY2d 127, 129.) Here the trier of the facts has found that the delay was justified. The following circumstances sustained that finding: On receiving the telephone call, defendant dentist examined his records and found that the patient had told him that she was not allergic to penicillin. The medical examiner did not say that the penicillin allergy was the cause of death. (And, indeed, ultimately the medical examiner's report contained a hand-written notation "not allergic to penicillin" and stated that the cause of death was unknown.) The dentist never heard again from the medical examiner's office. The policy form was somewhat misleading in that the requirement of giving notice as soon as possible of "any unusual occurrence" was contained in small type in a paragraph headed in bold type "PROCEDURE OF INSURED IN CLAIM OR SUIT." While the words "unusual occurrence" also occurred in large type on both sides of the certificate given to defendant dentist, it is in a context of "[i]n case of any changes, claims, threat of suit or any unusual occurrence, notify" and the insured might well not know what kinds of "unusual occurrences," as he might well not know what "changes," required notification. Concur—Lupiano, J. P., Birns, Silverman, Lane and Markewich, JJ. [87 Misc 2d 924.]