## (October 29, 1979)

■ AETNA CASUALTY & SURETY COMPANY, Appellant-Respondent, v ROBERT SHULER, Individually and Doing Business as GWEN WAY REST. CORP., Respondent-Appellant, and JOYCE THOMAS, Respondent.—In an action to declare the rights of the parties under an insurance policy, the cross appeals are from a judgment of the Supreme Court, Nassau County, entered May 26, 1978, which, *inter alia,* declared that (1) defendant Shuler's notice of claim was timely, (2) the occurrence in which defendant Shuler shot defendant Thomas was an accident within the coverage of the subject insurance policy with respect to the corporate insured, Gwen Way Rest. Corp., and (3) the insurer would be liable to pay, *inter alia,* any punitive damages, within the limits of the policy, owing from the corporate insured Gwen Way Rest. Corp., to defendant Thomas in the underlying action. Defendant Shuler has apparently abandoned his cross appeal. On the appeal by plaintiff, judgment modified, on the law, by deleting therefrom paragraphs "4" and "6" and substituting therefor the following declarations: "4. That with respect to the defendant Gwen Way Rest. Corp., the occurrence at the Gwen Way bar described in paragraph 'Eleventh' of the Thomas complaint, plaintiff's exhibit 3, in evidence, constitutes, if so proven, an intentional tort beyond the coverage of the insurance policy." "6. That the plaintiff is required to pay, within the monetary limits of the insurance policy, any judgment recovered against defendant Gwen Way Rest. Corp. on the third cause of action alleged in the Thomas complaint." As so modified, judgment affirmed insofar as appealed from by plaintiff, without costs or disbursements. On January 30, 1972, defendant Shuler, an officer, director and shareholder of the insured Gwen Way Rest. Corp. (Gwen Way) shot and wounded defendant Joyce Thomas. Approximately six months later, Ms. Thomas brought suit against defendants Shuler and Gwen Way, seeking damages for intentional tort, punitive damages, and damages for the defendants' negligence and recklessness. Two days after receipt of the summons and complaint, they were forwarded to plaintiff insurer, Aetna Casualty & Surety Company (Aetna), which subsequently commenced the instant action to declare the rights of the parties under the subject insurance policy. It is undisputed that

the insurance policy excludes from coverage those damages which result from intentional torts. The principal issue is whether the exclusion relieves Aetna of its obligation to indemnify the corporate insured for damages sustained by reason of an intentional tort committed by Shuler. The Thomas complaint alleges, in part, that Shuler, while performing his duties as a corporate officer and manager of Gwen Way (i.e., the corporate business establishment), "wilfully, maliciously and deliberately shot the plaintiff". The record on appeal contains no suggestion that the shooting did not in fact occur in the course of Shuler's corporate duties as manager of the restaurant. Generally, an intentional tort committed by a corporate officer in the course of his duties as a managing agent, constitutes an intentional tort by the corporation (*Greater N. Y. Mut. Ins. Co. v Perry*, 6 AD2d 432, 435; *De Luca v Coal Merchants Mut. Ins. Co.*, 203 Misc 261; cf. *Morgan v Greater N. Y. Taxpayers Mut. Ins. Assn.*, 305 NY 243, 249). This recognizes that a corporation acts through its agents, whose acts are the acts of the corporation (*Greater N. Y. Mut. Ins. Co. v Perry, supra*). Since Gwen Way's potential liability on the first and second causes of action in the Thomas complaint is premised upon Shuler's having committed an intentional tort in the course of his duties as manager of the corporate business, it must be concluded that such acts also constituted an intentional tort as to the corporate insured. Since intentional torts are beyond the scope of coverage, Aetna has no obligation to indemnify Gwen Way for any recovery premised upon the first and second causes of action in the Thomas complaint. We further note that under no theory is the insurer liable to indemnify the insured against an award of punitive damages (*Padavan v Clemente*, 43 AD2d 729, 730). We have considered Aetna's other arguments and find them to be without merit (cf. *Public Serv. Mut. Ins. Co. v Levy*, 57 AD2d 794; *875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.*, 30 NY2d 726, affg 37 AD2d 11). O'Connor, J. P., Lazer, Rabin and Gulotta, JJ., concur.