OPINION OF THE COURT
Jeffrey G. Stark, J.
On this motion for summary judgment, the plaintiff insurer seeks a declaration that it has no obligation under its homeowner’s policy to defend the defendant Michael Trezza[1] in an action brought by defendant estate of Simberg relying upon the policy provision excluding damages that were “expected or intended”. In the underlying action, the claimant estate charged in its original complaint that Trezza (hereinafter the insured) intentionally battered the decedent causing injuries which resulted in death. On this motion, neither the claimant nor the insured take the position that the policy covers the allegations of the original complaint alleging an intentional battery, but instead oppose the motion on the ground that an amendment to the *998 complaint adding a cause of action for negligence brings it within the policy coverage.
For the reasons which follow, the court finds that while an amendment to a complaint which is designed solely for the purpose of bringing the insurer into the action warrants expedited discovery and a further motion for summary judgment, upon close examination of the factual allegations and the policy language in this case it is clear that the insurer would be obligated to defend the action even if the complaint had not been amended. Under the court’s interpretation of the homeowner’s policy at issue, the plaintiff is required to defend any action where it is claimed that an intentional assault has resulted in unintended consequences. Since neither the original complaint in the underlying action nor the amended complaint assert that the death of the claimant’s decedent was intended (notwithstanding the assault is alleged to have been intentional), the court declares that the insurer is required to defend the action.
Moreover, because the insurer’s interest in a verdict finding that all consequences of Trezza’s action were intended is in conflict with Trezza’s desire for a verdict finding that the death was unintentional, the plaintiff insurer is ordered to retain independent counsel chosen by the insured for the defense of the action.
FACTS
Plaintiff, State Farm Insurance Company, issued a homeowner’s policy to defendants Mary Anne and Michael Trezza sometime prior to November, 1981. The policy provides in part that
“[if] a claim is made and a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, [State Farm] will:
“a. pay up to our limit of liability for the damages for which the insured is legally liable; and
“b. provide a defense at our expense by counsel of our choice”.
The policy specifically excludes from its coverage “bodily injury or property damage which is expected or intended by the insured.”
*999 On November 5, 1981, Michael Trezza and defendant Onofrio Relia were involved in an altercation with one Morris Simberg, during the course of which Trezza allegedly assaulted Simberg. Eleven days later Simberg died.
Simberg’s estate filed suit against Trezza and Relia in September, 1982. The complaint alleged that Trezza and Relia “without just cause or provocation did viciously, maliciously, intentionally and wantonly assault and batter the decedent, striking him on various portions of his body,” causing him to fall to the ground, strike his head on the pavement, and later die. Three causes of action were asserted: the first alleged intentional battery of the decedent causing him serious personal injuries; the second alleged wrongful death resulting from “the aforesaid severe, serious and painful injuries;” the third stated a claim by Simberg’s wife for loss of services.[2]
State Farm refused to defend the lawsuit against Trezza based upon the exclusionary provisions of the policy. On February 8, 1983, it commenced the instant action for a declaratory judgment, seeking as relief an order declaring that the policy does not cover the claims raised by the Simberg lawsuit. After issue was joined in the declaratory judgment action, State Farm moved for summary judgment.
According to State Farm, “[i]t is clear from a reading of the Complaint in the underlying action that no allegations are set forth that would bring the cause of action within the coverage of the insurance policy.” Since only “intentional and willful acts designed to cause injury are being claimed,” it argues, the allegations in the Simberg complaint are entirely within the exclusionary provision of the policy, and hence there is no obligation that it defend the action.
Apparently unbeknownst to State Farm at the time of its motion, however, the Simberg estate had moved to amend the complaint in its action against Trezza and Rella to add a claim in negligence. That motion asserted that the estate *1000 was “not seeking to change the factual contentions surrounding this action, but rather to assert a different legal theory based upon the same underlying incident.”
Based upon the assumption that the motion to amend would be granted, both the Simberg estate and Trezza have opposed the summary judgment motion as “premature” and contend further that if the complaint is amended to include a claim of negligence, the plaintiff would have a duty to defend the Simberg action. The estate explains further in its papers opposing plaintiff’s summary judgment motion that “there are genuine issues of fact with respect to whether defendants acted with intent to cause the death of morris simberg. The evidence supports an alternative theory that the defendants acted negligently in failing to perceive the substantial and unjustifiable risk that by striking the decedent, he would hit the ground in such a manner as to suffer multiple cerebral contusions and ultimate death.”
The issue of whether State Farm must defend Trezza is now ripe for determination. Subsequent to the submission of the opposition papers, Mr. Justice Meade granted the motion to amend on September 29, 1983, without opposition from Trezza. The court stated that since there was no showing that the amendment would prejudice Trezza or Relia, the amendment would be permitted pursuant to the liberal amendment provisions of CPLR 3025.
DISCUSSION
The general principles governing this motion are well settled. Where the complaint contains allegations within the policy coverage, the insurer has a duty to defend the action. (Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 669-670; Utica Mut. Ins. Co. v Cherry, 38 NY2d 735; Sturges Mfg. Co. v Utica Mut. Ins. Co., 37 NY2d 69, 73; International Paper Co. v Continental Cas. Co., 35 NY2d 322, 328; Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148, 153-154.) The fact that the complaint contains alternative causes of action which are outside of the coverage of the policy is immaterial to the insurer’s duty to defend. (Ruder & Fin v Seaboard Sur. Co., supra; Utica Mut. Ins. Co. v Cherry, supra; Lionel Freedman, Inc. v Glens Falls Ins. Co., 27 NY2d 364, 369.) Moreover, a liability policy, *1001 such as the homeowner’s policy at issue, not only provides “liability” insurance but “litigation” insurance as well. (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326, supra; DeLuca v Atlantic Mut. Ins. Co., 49 AD2d 153 [Shapiro, J.].) Consequently, the insurer’s duty to defend an action against its insured is far broader than its duty to pay under the policy, and “extends to any action, however groundless, false or fraudulent, in which facts are alleged within the coverage afforded by the policy.” (Lionel Freedman, Inc. v Glens Falls Ins. Co., supra, p 368, citing Prashker v United States Guar. Co., 1 NY2d 584.) Moreover, even if the causes of action set forth in a complaint do not, when strictly read, bring the action within the policy, an insurer must nevertheless defend whenever there is a “factual or legal basis on which the insurer might eventually be held obligated to indemnify the insured under any provisions of the insurance policy (Spoor-Lasher Co. v Aetna Cas. & Sur. Co., 39 NY2d 875).” (Nationwide Mut. Fire Ins. Co. v Burke, 90 AD2d 626; see, also, Michigan Millers Mut. Ins. Co. v Christopher, 66 AD2d 148; but cf. Trepacz v General Acc. Fire & Life Assur. Corp., 32 AD2d 736.) On the other hand, where the allegations of the complaint are subject to no interpretation other than that they are outside the coverage of the policy, the court must declare as a matter of law that the insurer is under no duty to defend the action. (Lionel Freedman, Inc. v Glens Falls Ins. Co., supra, at p 369; Hicksville Motors v Merchants Mut. Ins. Co., 97 AD2d 396; Trepacz v General Acc. Fire & Life Assur. Corp., supra; cf. Aetna Cas. & Sur. Co. v Schuler, 72 AD2d 591.)
In applying the foregoing rules to the present case, a question arises as to whether the amendment of the complaint in the underlying action to add a claim for negligence was principally, if not entirely, motivated by the desire to hold State Farm in the action. In support of that motion to amend, the estate’s attorney stated that the motion was “not seeking to change the factual contentions surrounding this action, but rather to assert a different legal theory.” The reason for asserting a “different legal theory” was not explained and could very well have been the desire to seek recovery from an insurer rather than from Trezza personally.
*1002 Should it appear that a complaint has been drafted in bad faith and designed solely to bring an insurer into a case, a court would be warranted in ordering expedited discovery in the declaratory judgment action to test the factual allegations of the complaint in the underlying action. In the event such discovery supported the dismissal of those allegations of the underlying complaint upon which the insurer’s duty to defend was predicated, an order so providing should then be entered. Such an order would collaterally estop the claimant from pursuing the insured on the dismissed causes of action, since the claimant is a party to the declaratory judgment action (see Restatement, Judgments 2d, § 38, illustration 1), and would prevent the insurer’s duty to defend from becoming “interminable”. (Cf. Sturges Mfg. Co. v Utica Mut. Ins. Co., 37 NY2d 69, 74, supra.)
Of course, the burden of thus trying the underlying case in two forums, at least for a while, is considerable. However, it is a burden which already exists by reason of the fact that, as will be demonstrated, infra, the insured is entitled to separate counsel whenever his interests conflict with those of his insurer. In such cases, our courts have held, the insurer must hire counsel of the insured’s choosing but, because of that fact, the insurer is not bound by a verdict in favor of the claimant. Instead, the insurer is entitled to a separate (and subsequent) trial at which it can prove that the claimant’s loss was caused by conduct not within the terms of the policy (Utica Mut. Ins. Co. v Cherry, 45 AD2d 350, 355, n 3, affd 38 NY2d 735). Under the procedure outlined here, rather than awaiting the outcome of the underlying action to have its day in court, the insurer would have the right to limited discovery before trial for the purposes of making a summary judgment motion. (CPLR 3212, subd [f]; cf. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212.-33, p 450, with CPLR C3211:51, p 56.)
For the reasons which follow, however, the court concludes that State Farm was required to defend the action under the original complaint. Hence the amendment of the complaint, whether or not made in good faith, is irrelevant to the court’s determination.
*1003 The policy language at issue only excludes “bodily injury or property damage which is expected or intended by the insured.” Construing the policy language in favor of the insured, as the court must do (see Miller v Continental Ins. Co., 40 NY2d 675, 679; Sturges Mfg. Co. v Utica Mut. Ins. Co., supra, p 74; McGroarty v Great Amer. Ins. Co., 36 NY2d 358, 365) it thus appears that only damages which are intended are excluded from the policy coverage. Such an interpretation is consistent with the decisions of courts, in a variety of contexts, holding insurers responsible for the unintended consequences of intended acts. (See, e.g., Miller v Continental Ins. Co., supra [sustaining judgment on accident death policy where injured died of overdose of self-administered heroin]; McGroarty v Great Amer. Ins. Co., supra [sustaining judgment on accident policy where insured caused building to crack because of excavation work which it knew might cause some damage to building in issue]; DeLuca v Atlantic Mut. Ins. Co., 49 AD2d 153, supra [declaring homeowner’s insurer has duty to defend action charging the insured with intentionally, and negligently, causing a false arrest]; cf. Baldinger v Consolidated Mut. Ins. Co., 15 AD2d 526, affd 11 NY2d 1026 [upholding duty to pay judgment in assault case where damages were found to be the unintended result of an intentional act]; see, also, Michigan Millers Mut. Ins. Co. v Christopher, supra; cf. Allstate Ins. Co. v Novak, 210 Neb 184.)
Applying this interpretation of the policy to the pleadings before the court, there is no allegation in the original or amended complaint that the wrongful death of Simberg was intentional. To the contrary, the complaints merely allege that Simberg died of injuries intentionally caused. Moreover, State Farm does not deny, much less conclusively disprove, the claim by the Simberg estate that “the evidence supports [a] * * * theory that the defendants acted negligently in failing to perceive the risk * * * that by striking the decedent, he would hit [his head on] the ground” and later die. Since such a claim, if proven, would be within the policy coverage, State Farm is duty bound to defend the action against its insured.
Accordingly, State Farm’s motion for summary judgment on the issue of whether it has a duty to defend must *1004 be denied. There being no issues of fact that remain to be determined as to this issue, defendants are entitled to summary judgment declaring State Farm’s duty to defend. (CPLR 3212.)
Not only must State Farm defend the Simberg action, but since its interests in that action are in conflict with Trezza’s interests,[3] Trezza is entitled to independent defense counsel, to be paid by State Farm. (Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392, 402; Penn Aluminum v Aetna Cas. & Sur. Co., 61 AD2d 1119; Utica Mut. Ins. Co. v Cherry, 45 AD2d 350, supra.)
Finally, insofar as State Farm seeks to be relieved of its duty to pay, that determination must await the conclusion of the underlying action against Trezza. In that action, a special verdict should be obtained on the issues of whether Trezza intentionally struck Simberg and, if so, whether the injuries and/or death were expected or intended. (See Public Serv. Mut. Ins. Co. v Goldfarb, supra; American Home Assur. Co. v Weissman, 79 AD2d 923; Utica Mut. Ins. Co. v Cherry, supra.)

. It is unclear why plaintiff named Michael’s wife, Mary Anne, as a defendant in this action. In any event, however, her rights are not at issue on this motion.

. Trezza’s answer consisted of a general denial. It also raised several affirmative defenses, none of which are relevant here. Bella’s answer, in contrast, raised several affirmative defenses not pleaded by Trezza, including lack of malice, contributory negligence, and provocation by the deceased.

. State Farm would like a judgment in the Simberg action finding that if Michael Trezza was responsible for Simberg’s death and injuries, then Trezza intended those consequences. If found liable, Trezza would obviously desire a verdict that the injuries and death were unintentional.