■ STATE FARM FIRE AND CASUALTY COMPANY, Respondent, v IRENE SHAPIRO, Defendant, and KENNETH A. POLOKOFF, Appellant.—In an action for a declaratory judgment to determine the duty of the plaintiff State Farm Fire and Casualty Company (State Farm) to defend the appellant in an action brought against him by the defendant Irene Shapiro, Kenneth A. Polokoff appeals from an order of the Supreme Court, Kings County (Jordan, J.), dated December 21, 1984, which denied his motion for an order pursuant to CPLR 2005 and 5015 vacating a default judgment entered against him.

Order reversed, with costs, and motion for an order excusing the appellant's default granted. The appellant's answer and counterclaim are deemed served. The plaintiff's time to reply to the counterclaim is extended until 20 days after

service upon it of a copy of the order to be made hereon, with notice of entry.

The defendant Irene Shapiro commenced an action against the appellant to recover damages for injuries sustained as the result of an alleged assault by the appellant. The plaintiff State Farm thereupon brought this action for a judgment declaring that it had no duty under a homeowner's policy issued to the appellant to defend him in the underlying action. State Farm alleged that Shapiro's claims were entirely within the policy exclusion which excluded from coverage "bodily injury or property damage which is expected or intended by the insured". On June 13, 1984, State Farm personally served a summons and complaint upon the appellant. Service of an answer was to be made within 20 days thereafter, i.e., by July 3, 1984 (CPLR 3012 [a]). However, the appellant did not serve his answer within this period and no application to extend the time to answer was made (see, CPLR 3012 [d]). The appellant's attorney sent a letter dated June 14, 1984 to State Farm's attorney promising to "respond to the complaint in due course". On or about June 20, 1984, counsel for State Farm advised the appellant's attorney that the return date of an order to show cause which sought a stay of the underlying action and which had been served simultaneously with the summons and complaint in this action had to be adjourned because he had been unable to serve the defendant Shapiro by the date indicated in the order.

On August 15, 1984, a default judgment was entered without notice to the appellant, declaring that the homeowner's policy issued by State Farm to the appellant did not cover the acts complained of in the underlying action.

By order to show cause dated August 29, 1984 (Leone, J.), the appellant moved to vacate the default judgment pursuant to CPLR 2005 and 5015. Annexed thereto was a proposed answer containing a counterclaim which the appellant sought to serve upon State Farm. Special Term denied the appellant's motion to vacate his default, finding that he had failed to demonstrate a meritorious defense. On this basis, Special Term declined to exercise its discretion pursuant to CPLR 2005.

We reverse and exercise our discretion to excuse the delay in answering. The affidavits of the appellant and his counsel together with the supporting exhibits constitute a sufficient statement of the merits. The appellant's claim that the damages sustained by Shapiro were unintended, if proved, would be within the policy coverage and, therefore, State Farm

would be obligated to defend the underlying action against the appellant *(e.g., Miller v Continental Ins. Co.,* 40 NY2d 675; *McGroarty v Great Am. Ins. Co.,* 36 NY2d 358; *Baldinger v Consolidated Mut. Ins. Co.,* 15 AD2d 526, *affd* 11 NY2d 1026).

Furthermore, the appellant has proffered a sufficient excuse for the delay to warrant the exercise of our discretion to excuse his default. As an excuse for the delay the appellant's counsel claims that she misunderstood the June 20, 1984 telephone conversation she had with State Farm's counsel. She believed that an adjournment of the return date on the motion seeking a stay in the underlying action also would extend the appellant's time to answer. After receiving notice of the default judgment, the appellant's counsel moved promptly for an order vacating the default. While the delay in answering appears to be the result of "law office failure", the circumstances of this case justify relieving the appellant of his default. The delay was relatively minor, a meritorious defense has been demonstrated, the appellant moved promptly for an order excusing his default, and there is no indication that the appellant intended to abandon his defense of this action *(see, National States Elec. Corp. v Insurance Co.,* 103 AD2d 824; *Buderwitz v Cunningham,* 101 AD2d 821). Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.