■ STATE FARM FIRE AND CASUALTY COMPANY, Respondent, v IRENE S., Defendant, and KENNETH A. POLOKOFF, Appellant. —In an action for a judgment declaring the duty of the plaintiff State Farm Fire and Casualty Company (hereinafter State Farm) to defend and indemnify the appellant in an action brought against him by the defendant Irene S., Kenneth A. Polokoff appeals from (1) an order of the Supreme Court, Kings County (Golden, J.), dated December 22, 1986, which denied his motion for summary judgment and which granted State Farm's cross motion for summary judgment, and (2) a judgment dated March 25, 1987, entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order dated December 22, 1986, is vacated, the cross motion is denied, the motion of appellant Polokoff for summary judgment is granted, it is declared that the plaintiff has a duty to defend the appellant in the underlying action, and the matter is remitted to the Supreme Court for a hearing with regard to the reasonable legal fees due the appellant for the costs incurred in defending the instant action; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The underlying action in this case was commenced by the service of a complaint in which the plaintiff Irene S. alleged that the appellant had intentionally assaulted her as a result of which she sustained serious and severe injuries. The complaint also alleged that the appellant assaulted her with the

intent to cause "severe and traumatic mental and emotional distress". An amended complaint asserted additional causes of action to the effect that the appellant assaulted and raped the plaintiff Irene S. with the intent of transmitting genital herpes.

At the time of these alleged assaults the appellant was covered by a homeowners' policy issued by State Farm which provided, *inter alia,* personal liability insurance for the insured for "damages because of bodily injury * * * to which this coverage applies". The personal liability insurance also obligated State Farm to "provide a defense at our expense by counsel of our choice". Specifically excluded from coverage was "bodily injury * * * which is expected or intended by the insured".

After State Farm received notice of the initial complaint in the action by Irene S. it disclaimed liability on the ground that her injuries were the result of the appellant's intentional acts and therefore were excluded from coverage under the policy.

On June 13, 1984, State Farm commenced this action for declaratory judgment seeking a judicial determination as to whether it was required to defend or indemnify the appellant in Irene S.'s action. For reasons not relevant here a default judgment was entered against the appellant which on appeal was vacated by this court *(see, State Farm Fire & Cas. Co. v Shapiro,* 118 AD2d 556). In reversing we noted that the "appellant's [Polokoff's] claim that the damages sustained by [Irene S.] were unintended, if proved, would be within the policy coverage and, therefore, State Farm would be obligated to defend the underlying action against the appellant" *(State Farm Fire & Cas. Co. v Shapiro, supra)* at 557-558).

Thereafter the appellant moved for summary judgment, relying in large measure on our earlier decision *(State Farm Fire & Cas. Co. v Shapiro, supra).* State Farm cross-moved for summary judgment for a declaration that it was not obligated to defend or indemnify the appellant in the underlying action.

The Supreme Court granted summary judgment to State Farm finding "that under no theory could any of the acts alleged in [Irene S.'s] complaint be considered unintended or unexpected". Therefore it held the injuries were not covered by the policy. The court further found that this court's "discussion of the obligation to defend was not necessary for the disposition of the narrow issue before it of whether to open the default, hence, it was obiter dictum and therefore not binding as a rule of law in the instant case".

In reaching our decision to vacate the prior default this court was required, as a threshold issue, to determine if the appellant had set forth a meritorious defense to the action. Therefore our finding that if the appellant proved that the damages sustained by Irene S. were unintended the injuries would be covered by the policy was more than just dicta. Our decision recognized that at the least State Farm was obligated to defend the appellant in the underlying action although a decision on State Farm's ultimate responsibility would have to await the trial itself.

We further note that the decision of the Supreme Court "that under no theory could any of the acts alleged in [the] complaint be considered unintended or unexpected" would not relieve State Farm of its duty to defend since the policy only excluded from coverage "bodily injury * * * which is expected or intended". Although several causes of action in the complaint alleged that the appellant intended to inflict certain injuries on the plaintiff, at least two causes of action merely alleged intentional acts which resulted in bodily injury. Our courts have recognized that "it is not legally impossible to find accidental results flowing from intentional causes, i.e., that the resulting damage was unintended although the original act or acts leading to the damage were intentional" (McGroarty v Great Am. Ins. Co., 36 NY2d 358, 364, rearg denied 36 NY2d 874; see also, Miller v Continental Ins. Co., 40 NY2d 675; State Farm Ins. Co. v Trezza, 121 Misc 2d 997).

The appellant is entitled to the reasonable legal costs of defending the instant action since he has been "cast in a defensive posture by the legal steps [the] insurer [has taken] in an effort to free itself from its policy obligations" (Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21; see also, National Cas. Ins. Co. v City of Mount Vernon, 128 AD2d 332, 335). On remittal, a hearing should be held to determine the reasonable legal costs incurred by the appellant. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.